FILED BY\_\_\_MB\_\_\_D.C.

Feb 7, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14040-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA

vs.

SUDIATA NEKET ZANJA STINSON,

   Defendant.
_____/

## FACTUAL PROFFER

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and Sudiata Neket Zanja STINSON ("Defendant"), together with his counsel, admits the government can prove the allegations contained within the Indictment, which charges the defendant with two counts of distribution of fentanyl, in violation of Title 21, United States Code, Section 841(a)(1); and also stipulates that those allegations, elements of the crime and the following recitation of the facts shall constitute the underlying factual basis for the entry of a plea of guilty in this case:

### Count One

On April 7, 2023, the Indian River County Sheriff's Office ("IRCSO") and Drug Enforcement Administration ("DEA") utilized a confidential source ("CS") to purchase approximately 7 grams of powder fentanyl from STINSON for $400.

Before the controlled purchase, the CS and his/her vehicle were searched for contraband with negative results. The CS was equipped with an audio and video recording device, which captured audio and video recordings for evidentiary value and transmits a live audio and video feed to agents/detectives.

The CS placed an audio-recorded, controlled phone call confirming the purchase of 7 grams of fentanyl for $400 and telling STINSON that he/she was on their way to STINSON's house. The CS was directed to STINSON's residence and was under surveillance by agents/detectives while in transit. The CS did not stop along the route or contact anyone.

The CS met with STINSON at his residence at 3457 44th Place, Vero Beach, Florida, in the Southern District of Florida. The CS made contact with STINSON in the driveway, and the CS handed STINSON $400 of pre-recorded US currency. STINSON called out to another individual who was inside the house, who, after a few minutes, came out of the residence and handed the CS the powder fentanyl. The three briefly discussed the weight of the fentanyl, before the CS departed. STINSON's face and voice are clearly seen and heard in the video for several minutes, as depicted below.



After the transaction, the CS met with agents at a pre-determined location. The CS transferred the powder fentanyl and all recording devices to the agents. Law enforcement

2

searched the CS and his/her vehicle for contraband with negative results.

The suspected fentanyl was analyzed by the Indian River Crime Laboratory, which confirmed the substance was powder fentanyl with a net weight of 6.41 grams.

## Count Two

On April 11, 2023, the CS purchased powder fentanyl from STINSON for $900. Before the controlled purchase, the CS and his/her vehicle were searched for contraband with negative results. The CS was again equipped with an audio and video recording device.

The CS placed an audio-recorded, controlled phone call confirming the purchase of 14 grams of fentanyl for $900 and telling STINSON that he/she was on their way to STINSON's house. The CS was under surveillance by agents/detectives while in transit and did not stop along the route or contact anyone.

The CS again met with STINSON at STINSON's residence; STINSON was sitting in a car parked under a carport in front of the residence. The CS gave $900 of pre-recorded U.S. currency to STINSON for approximately 15 grams of powder fentanyl. The powder fentanyl was pressed and compact and was wrapped in a clear plastic wrapper. During the conversation, STINSON also showed the CS blue pills that he claimed were "pressed"[1] fentanyl 30 milligram pills.

---

[1] "Pressed" fentanyl pills are pills made to look like oxycodone pills, but are not produced by pharmaceutical manufacturers, and contain fentanyl.



After the drug transaction, the CS departed and met with agents at a pre-determined location. The CS transferred the powder fentanyl and all recording devices to the agents. Law enforcement searched the CS and his/her vehicle for contraband with negative results.

The suspected fentanyl was analyzed by the Indian River Crime Laboratory, which confirmed the substance was fentanyl with a net weight of 13.87 grams.

[This space intentionally left blank.]

The parties agree that these facts, which do not include all the facts known to the government and Defendant, are sufficient to prove that: (i) Defendant knowingly or intentionally distributed a controlled substance; and (ii) Defendant knew he was distributing a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 2/7/24        By: _____
                        JUSTIN L. HOOVER
                        ASSISTANT UNITED STATES ATTORNEY

Date: 2/2/24        By: _____
                        KAFAHNI NKRUMAH
                        ATTORNEY FOR DEFENDANT

Date: 2/2/24        By: _____
                        SUDIATA NEKET ZANJA STINSON
                        DEFENDANT

5